HARRISON, Appellant, v. CACHELIN *et al.*, Respondents.

1. Instructions should not be given unless supported by the evidence.

### Appeal from St. Louis Land Court.

*Casselberry* for appellant, cited Harrison v. Cachelin, 23 Mo. 124; Reilly v. Chouquette, 18 Mo. 225; 10 Watts, 142; 4 Whart. 298; 25 Penn. 252.

*Whittelsey*, for respondents, cited Martin v. Whittington, 4 Mo. 518; Campbell v. Hood, 6 Mo. 211; 6 Mo. 250; 7 Mo. 220; Watts v. Douglas, 10 Mo. 676; 19 Mo. 307; State v. Anderson, 19 Mo. 246; Menkens v. Ovenhouse, 22 Mo. 70; Williams v. Dongan, 20 Mo. 186; 5 Metc. 173; 9 Mo. 477; 18 Mo. 220.

RICHARDSON, Judge, delivered the opinion of the court.

When this case was first before this court (23 Mo. 117) it was decided that the defendants had no title in law or equity, and on the last trial they did not attempt to set up any, but relied solely on the statute of limitations.

Harrison v. Cachelin.

The court gave the following instruction at the request of the defendants: " If the jury believe from the evidence that the defendants and those under whom they claim have had open and visible possession of the premises in dispute under a claim of title adverse to the title of the city of Carondelet and of the plaintiff for the period of twenty years next before the commencement of this suit, they will find for the defendants." If an instruction contains a correct proposition of law, it will not be exceptionable, if there is any evidence to warrant it, no matter how conflicting or how little it may be; but there must be some evidence; and where the whole case turns, as this did, on a single point, an instruction like the one given, without any proof to support it, is not simply obnoxious as a harmless abstraction, but is pregnant with mischief as tend- to mislead the jury, in assuming facts that did not exist. I would be opposed to disturbing this judgment if there was the least evidence on which to base the instruction; but this is not a case of conflicting testimony, or of doubt, as to the side on which it preponderated, but a total absence of any proof to give color to the hypothesis on which the instruction was framed. Not a single witness on either side, or all of them together, proved an uninterrupted possession for twenty years, and the defendants not only failed to make out their defence, but *affirmatively disproved* it and established by every one of the witnesses they introduced, who undertook to con- nect the several possessions, that there was a gap of six or eight years after 1844, during which time there was neither house nor fence nor occupation of any kind, nor any thing else to indicate the appearance of a hostile claim or posses- sion; and if the plaintiff during that time had been dili- gently seeking a law suit, he could not have found any person against whom he could have maintained an action of eject- ment for this lot. A party should not suffer the penalty of losing his right by not suing, where there is nobody to sue, and in this case there was a space covering several years, a part of the time necessary to make up the period of twenty years, during which the plaintiff could not have made an

entry to avoid the statute because there was no one to enter upon.

It is conceded on both sides that the plaintiff has *prima facie* a perfect paper title and is entitled to recover the possession unless the defendants have shown a better right to it. Now if they have a title to the land by limitation or otherwise, let them keep it; but to tell the plaintiff that he has the title and that the defendants have not, and yet refuse to give him the benefit of it, is "holding the word of promise to the ear, but breaking it to the hope." Whatever equity it was supposed the defendants had, has been heretofore declared by this court to be insufficient to protect their possession, and it can not be worked out through the sympathies of a jury. No case was made for an instruction on the statute of limitations, and the judgment will be reversed and the cause remanded; Judge Scott concurring; Judge Napton dissents.

SCOTT, Judge. The instructions given by the court in relation to the statute of limitations seem to me to be inconsistent with each other. The instruction given for the plaintiff was a correct one, but its force was immediately impaired by that given for the defendants. It seems to be obvious that both instructions should not have been given.