JAMES HARRISON, Appellant, v. CONSTANT CACHELIN et als., Respondents.

*Ejectment—Limitations—Possession.*—Defendants in ejectment, setting up the bar of adverse possession against the legal title, must show that their possession has been continuous for the time required by the statute.

*Appeal from St Louis Land Court..*

*Gantt* and *Casselberry,* for appellant.

*Whittelsey,* for respondents.

BATES, Judge, delivered the opinion of the court.

This case has been in this court twice before, and both times, as in the present instance, it was brought up by the plaintiff. There have been three verdicts for the defendants, one of which was set aside by the lower court. It is with regret that we find ourselves constrained to reverse the last judgment.

The case is reported in 23 Mo. 117, and 27 Mo. 26. At the last trial, the plaintiff showed a perfect documentary title, and the defendants rely solely upon the statute of limitations.

It appeared by the evidence that Leon Levi, senior, occupied the premises, a lot in the town of Carondelet, in his lifetime; that he died in 1838, leaving a widow and two children, the defendants Leon and Nicholas Levi; that shortly after his death the widow, with her children, (then very young,) removed from the lot, and she subsequently married Henry Chouquette; that the lot was then enclosed with a fence, and had upon it a house built of logs, set upright, and with a stone chimney; that in 1844 the fence was swept away by the great flood of that year; that in 1845 Chouquette repaired the fence and used the lot; that Chouquette died in 1845 or 1846, and after that (except possibly for a short time in 1846) the premises were unoccupied until 1851, when the defendant Cachelin went into possession as the tenant of the other defendants, Leon and Nicholas Levi. Mrs. Chouquette, the widow of Levi, died in 1848, or January 1st, 1850. Between 1846 and 1851 the fence soon disappeared, with the exception of a few posts, or remnants of posts, and the wooden part of the house gradually disappeared, (one witness stating that the wood was taken away by passers for firewood,) so that in 1851, when Cachelin went into possession, there was nothing left of the old improvement but the chimney, or a portion of it. Evidence was given tending to prove, that, at some time from 1844 to

1851, Leon Levi, then a child, erected on the lot a building variously described by the witnesses as a house, a cabin, a shanty and a pen, the size of which was from five feet square to eight feet square, and which was never occupied by any person, nor used for any purpose whatever. Evidence was also given of the payment of taxes by Mrs. Chouquette in 1846, and by the estate of Leon Levi in 1849, and that the property was assessed to Leon Levi's estate in 1846, 1847 and 1849.

The evidence as to the gradual waste and destruction of the fence and house, was no evidence at all of possession by any person, but, on the contrary, was strong evidence of an entire abandonment of possession. The erection by Leon Levi of the house, or pen, which was at most the work of a few hours, was no evidence of possession by him, except for the time he was engaged in building it, and is no evidence at all of a continuous possession by him from 1846 to 1851. The payment of taxes was only for the years 1846 and 1849, and the property was not even assessed to Levi's estate in 1848 and 1850. There was necessarily a considerable period of time during which there was no more evidence of possession of the land, or the exercise of ownership over it, than would be exhibited by a tract of wild land which could show no single sign of man's labor or presence.

The judgment must be reversed for the same cause for which it was reversed before, there being no evidence to support an instruction as to continuous possession by the defendants for twenty years.

Reversed and remanded. Judges Bay and Dryden concur.